UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVON COLES,<br><br>             Petitioner,<br><br>vs.<br><br>DARWIN LACLAIR,<br><br>             Respondent. | No. 9:06-cv-01254-JKS<br><br>MEMORANDUM DECISION |

     Petitioner Devon Coles, a state prisoner proceeding *pro se*, filed a petition for habeas corpus relief under 28 U.S.C. § 2254.  Sanchez is currently in the custody of the New York Department of Correctional Services, incarcerated at the Great Meadow Correctional Facility. Respondent has answered; Coles has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

     After a jury trial Coles was convicted in the Albany County Court of Murder in the Second Degree (N.Y. Penal Law § 125.25(2)).  The trial court sentenced Cole to an indefinite term of imprisonment of 25 years to life.  Coles timely appealed his conviction to the New York Appellate Division, Third Department, which affirmed his conviction on March 9, 2006, and the New York Court of Appeals denied leave to appeal on June 14, 2006.[1]  Coles timely filed his petition for relief in this Court on October 16, 2006.

## II.  GROUNDS RAISED/DEFENSES

     In his petition, Coles raises two grounds: (1) denial of effective assistance of counsel; and (2) juror misconduct in failing to truthfully disclose her employment during *voir dire*. Respondent asserts that both grounds are unexhausted.  Respondent asserts no other affirmative defense.[2]

---

[1] *People v. Coles*, 810 N.Y.S.2d 262 (N.Y. App. Div.), *lv. denied*, 853 N.E.2d 254 (N.Y. 2006).

[2] *See* Rules—Section 2254 Cases, Rule 5(b).

III.  STANDARD OF REVIEW

Because Coles filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d).  Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court rendered its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5]  When a claim falls under the "unreasonable application" prong, a state court's application of the Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[6]  The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing the state court determination was incorrect.[7]  In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.[8]

---

[3] 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412.

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 128 S. Ct. 743, 746-47 (2008) (per curiam).

[6] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003).

[7] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[8] *Fry v. Pliler*, 551 U.S. 112, ___, 127 S. Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

In applying this standard, this Court reviews the last reasoned decision by the state court.[9] Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[10]

## IV.  DISCUSSION

Ground 1:  Ineffective Assistance of Counsel.

Coles argues that trial counsel was ineffective when he attempted to introduce potentially exculpatory evidence in the form of a hearsay statement, the admissibility of which was contrary to well-established rules of evidence.  The Appellate Division rejected Coles' position, holding:[11]

> Next, citing a single purported error on the part of his two trial attorneys, namely, their unsuccessful attempts to admit out-of-court hearsay statements of a particular witness into evidence,[FN1] defendant claims that he received ineffective assistance of counsel.  In reviewing an ineffective assistance of counsel claim, we "must avoid confusing 'true ineffectiveness with mere losing tactics and according undue significance to retrospective analysis'" (*People v. Benevento,* 91 N.Y.2d 708, 712, 674 N.Y.S.2d 629, 697 N.E.2d 584 [1998], quoting *People v. Baldi,* 54 N.Y.2d 137, 146, 444 N.Y.S.2d 893, 429 N.E.2d 400 [1981] ).  Here, the strategy behind trial counsels' attempt, albeit unsuccessful, to admit these statements was manifest, i.e., to demonstrate that defendant was not responsible for Nimmons' death (*see* n. 1, *supra* ).  This unsuccessful trial tactic hardly rendered trial counsel ineffective.  To the contrary, our review of the entire proceedings before County Court more than amply satisfies us that defendant received meaningful representation from his two trial attorneys (*see People v. Baldi, supra* at 147, 444 N.Y.S.2d 893, 429 N.E.2d 400).
>
> > [FN1]. This witness gave a statement to police indicating that other people also hit Nimmons outside the bar that morning.  He then testified before the grand jury and apparently contradicted himself on many points.  Although the People intended to call him as a witness at trial, he could not be located.  Trial counsel thus attempted, to no avail, to get certain portions of his prior statements into evidence during the cross-examinations of two police detectives.

---

[9] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

[10] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[11] *Coles*, 810 N.Y.S.2d at 264.

Under *Strickland*,[12] to demonstrate ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[13]  Coles must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[14]  *Strickland* and its progeny do not mandate this court act as a "Monday morning quarterback" in reviewing tactical decisions.  Indeed, the Supreme Court admonished in *Strickland*:[15]

> Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.  There are countless ways to provide effective assistance in any given case.  Even the best criminal defense attorneys would not defend a particular client in the same way.

As the Appellate Division noted, the evidence in question was sought to be introduced in an attempt to bolster the defense theory that a person other than Coles was responsible for the death of the victim.  To put Coles' position in proper context, he is asking this Court to find that counsel who unsuccessfully attempts to do that which is legally impossible is somehow ineffective.  Coles contends this action by trial counsel was "egregious and prejudicial to [him]."

---

[12] *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

[13] *Id.*

[14] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[15] 466 U.S. at 689 (internal citations and quotation marks omitted).

Coles provides no factual basis or explanation for this wholly conclusory statement and, in the context of the facts in the record, that conclusion is illogical.

This Court cannot say that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[16] Nor can this Court find that the Appellate Division unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Andrade–Williams–Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.  Petitioner has failed to establish that counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that defendant's defense was prejudiced, as required by *Strickland-Hill*.  In particular, Petitioner has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  Coles is not entitled to relief on his first ground.[17]

Ground 2:  Juror Misconduct.

Coles contends that the failure of one of the jurors to reveal during *voir dire* that she was employed as the evening custodian at the Albany County Courthouse denied defense counsel the opportunity to further examine her to determine whether she had the ability to be fair and impartial, and either challenge her for cause or use a peremptory challenge to excuse her from further service on the jury.  The Appellate Division rejected Coles' arguments, holding:[18]

> After the trial but before sentencing, it was discovered that a juror failed to
> disclose during jury selection that she worked as an evening custodian in the
> Albany County Courthouse.  Trial counsel moved to set aside the verdict pursuant
> to CPL 330.30, alleging, as relevant on appeal, that he would not have selected
> her to sit as a juror had he known of this employment.  At a hearing that ensued on
> the motion, the juror testified that she could not recall whether she disclosed this

---

[16] 28 U.S.C. § 2254(d).

[17] Although Respondent contends that Coles has not properly exhausted his state court remedies as to this ground, the Court need not reach that issue as it may deny the petition on the merits notwithstanding a failure to exhaust.  28 U.S.C. § 2254(b)(2).

[18] *Coles*, 810 N.Y.S.2d at 263–64.

particular employment during voir dire and denied intentionally concealing such information. According to the juror, her nighttime custodial position was one of two jobs that she held at the time of jury selection and she considered her daytime custodial position to be her "main employment."

The juror further testified that she only briefly saw members of the District Attorney's office during her work at the courthouse, that she did not know any of its members personally, that she never had any kind of verbal exchange with the Special Prosecutor in this case (herself a former Assistant District Attorney in Albany County) and that she had no relationship with any judge in the courthouse. Moreover, the juror testified that she had no bias or predisposition toward either the People or the defense and that her verdict was based solely on the evidence adduced at trial. Finding the juror's testimony to be "forthcoming" and "candid," County Court denied the motion.

In our view, County Court did not abuse its discretion in concluding that there was no basis to order a new trial under these circumstances (*see People v. Rodriguez,* 100 N.Y.2d 30, 35, 760 N.Y.S.2d 74, 790 N.E.2d 247 [2003]). The record establishes that no substantial right of defendant was prejudiced by the juror's failure to disclose her employment at the courthouse (*see id.* at 34-36, 760 N.Y.S.2d 74, 790 N.E.2d 247; *see also People v. West,* 4 A.D.3d 791, 793, 772 N.Y.S.2d 166 [2004]), particularly given her testimony that she harbored no bias or predisposition toward either party and that she based her verdict solely on the trial evidence.

Coles contends that the facts adduced at the hearing, together with the record as a whole, support his contention that the juror knowingly and intentionally concealed the fact of her employment as a custodian at the Albany County Courthouse. Coles argues that this denied him the right to an impartial jury in violation of the Sixth Amendment. The Court disagrees.

Unquestionably, the right to a trial before an unbiased jury is the foundation for, and touchstone of, a fair trial.[19] As the Second Circuit has observed, "[t]he Supreme Court 'has long held that the remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias.'"[20] This procedure the Albany County Court followed.

---

[19] *Smith v. Phillips*, 455 U.S. 209, 219 (1982).

[20] *United States v. Vitale*, 459 F.3d 190, 197 (2d Cir. 2006), quoting *Smith*, 455 U.S. at 215.

<mark>
<mark>
<mark>
<mark>
<mark>
</mark></mark></mark></mark></mark><mark>
<mark>
</mark></mark>

In cases such as this, where the juror has withheld information on *voir dire*, the Supreme Court has held:[21]

> We hold that to obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire,* and then further show that a correct response would have provided a valid basis for a challenge for cause. The motives for concealing information may vary, but only those reasons that affect a juror's impartiality can truly be said to affect the fairness of a trial.

The Supreme Court has also held that the identification of juror bias is a factual finding concerning the juror's state of mind that is decidedly within the province of the trial judge.[22] Although it did not articulate it in precisely those terms, the Appellate Division applied the proper test. While both the Albany County Court and the Appellate Division found that the first prong, a failure to answer a material question honestly, was met, the second, that a correct response would have provided a valid basis for cause, was not. This determination by the state courts comes before this Court with a presumption of correctness, overcome only by convincing evidence,[23] a burden Coles has failed to carry.

This Court cannot say that the determination of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[24] Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Andrade–Williams–Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. Coles is not entitled to relief on his second ground.[25]

---

[21] *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984); *see also United States v. Stewart*, 433 F.3d 273, 303 (2d Cir. 2006) (applying *McDonough* in a criminal case).

[22] *Wainwright v. Witt*, 469 U.S. 412, 428 (1985).

[23] *Smith*, 455 U.S. at 218.

[24] 28 U.S.C. § 2254(d).

[25] Although Respondent contends that Coles has not properly exhausted his state court remedies as to this ground, the Court need not reach that issue as it may deny the petition on the merits

V.  CONCLUSION AND ORDER

Coles is not entitled to relief on either ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[26]  To the extent the issues raised in the petition were addressed by the Appellate Division, Third Department, no reasonable jurist could find that the decision was "objectively unreasonable."  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  See Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated:  June 26, 2009.

>      /s/ James K. Singleton, Jr.
> JAMES K. SINGLETON, JR.
> United States District Judge

---

notwithstanding a failure to exhaust.  28 U.S.C. § 2254(b)(2).

[26] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).